UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>ALIESHA M. KELLOGG-FULGHUM,<br><br>         Defendant. | NO. CR-07-75-LRS-1<br><br>**ORDER GRANTING STIPULATED MOTION FOR REDUCTION IN SENTENCE**<br><br>**(CRACK COCAINE)** |

**BEFORE THE COURT** is the "Stipulated Motion For Reduction In Sentence Pursuant To 18 U.S.C. §3582(c)(2)" (Ct. Rec. 221). Although counsel for the Government (George C. Jacobs, III, Esq.) did not sign the motion, he has not responded or objected to it and accordingly, the court will assume this is indeed a stipulated motion. Good cause appearing, Defendant's "Application For Appointment Of Counsel" (Ct. Rec. 219), in conjunction with the motion for reduction in sentence, is **GRANTED**. The Federal Defenders of Eastern Washington and Idaho are appointed to represent the Defendant regarding the motion for reduction in sentence.

The Sentencing Guidelines for crack cocaine offenses have been amended. *Guidelines Manual* (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine (Cocaine Base) listed in the Drug Quantity Table in

**ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE -    1**

§2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other substances.  This amendment became effective on November 1, 2007.  As of  March 3, 2008, time reductions for crack cocaine offenders sentenced prior to November 1, 2007 are authorized pursuant to 18 U.S.C. §3582(c)(2).  *U.S. v. Ross*, 511 F.3d 1233, 1237 n. 2 (9th Cir. 2008) and *Guidelines Manual* (2007), Appendix C, Amendment 712.

     A review of the Pre-Sentence Report (PSR) prepared in this matter indicates the 2007 edition of the *United States Sentencing Commission Guidelines Manual* was used to calculate Defendant's guideline range, including her Base Offense Level.  The 2007 edition incorporates guideline amendments effective November 1, 2007, including Amendment 706.  Since the Defendant was sentenced in February 2008, Amendment 712 does not pertain to her and she did not have to wait until March 3, 2008 to gain the benefit of Amendment.  Consistent with Amendment 706, the author of the PSR calculated Defendant's Base Offense Level as 32 under U.S.S.G. Section 2D1.1(c)(4).  Nevertheless, Defendant did not get the benefit of Amendment 706 because this court found that her Base Offense Level was 34, instead of 32.  With a three level reduction pursuant to U.S.S.G. Section 2D1.1(a)(3), a three level reduction for mitigating role pursuant to U.S.S.G. Section 3B1.2, a three level reduction for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a) and (b), and a two level safety valve reduction pursuant to U.S.S.G. Section 2D1.1(b)(11), this court arrived at a Total Adjusted Offense Level of  23 for the Defendant (34 - 11).  That resulted in a guideline range of 46 to 57 months based on Defendant's Criminal History Category of I, and the court sentenced the Defendant to 57 months imprisonment, the high end of the guideline range.  Based on the proper Base Offense Level of 32, taking into account Amendment 706, the Defendant should have received a

1 two level reduction pursuant to U.S.S.G. Section 2D1.1(a)(3)[1], a three level
2 reduction for mitigating role pursuant to U.S.S.G. Section 3B1.2, a three level
3 reduction for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a)
4 and (b), and a two level safety valve reduction pursuant to U.S.S.G. Section
5 2D1.1(b)(11), for a Total Adjusted Offense Level of 22 (32 - 10) and a
6 corresponding guideline range of 41 to 51 months.
7      Based on the foregoing, and pursuant to U.S.S.G. Section 1B1.10(a)(1) and
8 (b)(1) and (2)(A), Defendant's term of imprisonment is reduced to 51 months, that
9 being the high end of the amended guideline range (41 to 51 months).  The
10 "Stipulated Motion For Reduction In Sentence" (Ct. Rec. 221) is **GRANTED** to
11 this extent.
12      **IT IS SO ORDERED**.  The District Executive shall forward copies of this
13 order to the counsel of record and to the U.S. Probation Office (Spokane).
14      **DATED** this __5th__ day of December, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

---

[1] A two level reduction applies where the Base Offense Level is 32, whereas a three level reduction applies if the Base Offense Level is 34.

**ORDER GRANTING MOTION
FOR REDUCTION IN SENTENCE -      3**